**Dorian DAVIS, Plaintiff–Appellant,**

v.

**E.G. FLORES; et al., Defendants–Appellees.**

**No. 13–15516.**

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 21, 2015.*

Filed Jan. 30, 2015.

Dorian Davis, Lancaster, CA, pro se.

Christopher J. Becker, Esquire, Deputy Attorney General, AGCA–Office of the California Attorney General, Sacramento, CA, Neah Huynh, Deputy Attorney General, AGCA–Office of the California Attorney General, San Francisco, CA, for Defendants–Appellees.

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: CANBY, GOULD, and N.R. SMITH, Circuit Judges.

MEMORANDUM ***

Dorian Davis, a California state prisoner, appeals pro se from the district court's summary judgment in his action 42 U.S.C. § 1983 action alleging violations of the Religious Land Use and Institutionalized Persons Act ("RLUIPA") and the First Amendment. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, and may affirm on any basis supported by the record. *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1047 (9th Cir.2009). We affirm.

Summary judgment on Davis's claims for damages under RLUIPA was proper because RLUIPA does not allow for damages against individuals sued in their official or individual capacities. *See Wood v. Yordy*, 753 F.3d 899, 901 (9th Cir.2014) (a RLUIPA claim for damages against prison officials in their individual capacities "may not be maintained"); *Holley v. Cal. Dep't of Corr.*, 599 F.3d 1108, 1114 (9th Cir.2010) ("The Eleventh Amendment bars [the plaintiff's] suit for official-capacity damages under RLUIPA.").

The district court properly granted summary judgment on Davis's First Amendment claim premised on a prison prohibition of unsupervised inmate-led religious services because Davis failed to raise a genuine dispute of material fact as to whether the prohibition was reasonably related to legitimate penological interests. *See Turner v. Safley*, 482 U.S. 78, 89–91,

---

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

107 S.Ct. 2254, 96 L.Ed.2d 64 (1987); *see also O'Lone v. Estate of Shabazz*, 482 U.S. 342, 351–52, 107 S.Ct. 2400, 96 L.Ed.2d 282 (1987) (no First Amendment violation where inmates were unable to attend Jumu'ah services, but were free to participate in other religious ceremonies and practices).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n. 2 (9th Cir.2009) (per curiam).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.